## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHS CAPITAL, LLC

        Plaintiff,

                                     Honorable Robert J. Jonker

v.                                        Case No.:  1:17-CV-769

BOERSEN FARMS AG, LLC, ET AL.,

        Defendants.

_____/

### ANSWER TO AMENDED COMPLAINT

    **NOW COME** Boersen Farms AG, LLC, Boersen Farms Grain, Boersen Farms, Inc., Boersen Farms Properties, LLC, Boersen AG Partners, LLC, Boersen Land Co., LLC, Boersen Farms & Affiliates, LLC, and Boersen Transport, Inc. ("Boersen Farming Entities") and for their Answer to Amended Complaint ("Response") hereby state as follows:

### PARTIES

    1.      CHS Capital is a Minnesota limited liability company, with its principal place of business located at 5500 Cenex Drive, Inver Grove Heights, MN 55077.  CHS Capital's sole member is CHS Inc.  CHS Inc. is incorporated as a Minnesota cooperative with its principal place of business located at 5500 Cenex Drive, Inver Grove Heights, MN  55077.

    **RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

    2.      Boersen Farms AG, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The members of Boersen Farms AG, LLC are Dennis Boersen, Ross Boersen, Sandra Boersen, and Arlan Boersen, all citizens of the State of Michigan and domiciled in Michigan.

    **RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

3.      Boersen Farms Grain is a Michigan co-partnership, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The partners of Boersen Farms Grain are Arlan Boersen Farm, LLC, Dennis Boersen Farm, LLC, Ross Boersen Farm, LLC, Arlan Dennis Farm, LLC, Dennis Russell Farm, LLC, Arlan Ross Farm, LLC, and Ross Russell Farm, LLC, all Michigan limited liability companies.  The members of the LLC partners of Boersen Farms Grain are all citizens of the State of Michigan and domiciled in Michigan, as described in Paragraphs 6 through 12 below.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

4.      Boersen Farms, Inc. is a Michigan corporation, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

5.      Boersen Farms Properties, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The members of Boersen Farms Properties, LLC are Dennis Boersen and Ross Boersen, both citizens of the State of Michigan and domiciled in Michigan.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

6.      Arlan Boersen Farm, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The members of Arlan Boersen Farm, LLC are Arlan Boersen and Sandra Boersen, both citizens of the State of Michigan and domiciled in Michigan.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

7.      Arlan Dennis Farm, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The members of Arlan

Dennis Farm, LLC are Sandra Boersen and Arlan Boersen, both citizens of the State of Michigan and domiciled in Michigan.

**RESPONSE**: The Boersen Farming Entities admit to the allegation set forth above.

8.      Arlan Ross Farm, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The members of Arlan Ross Farm, LLC are Arlan Boersen, Ross Boersen, Dennis Boersen, Russell Compagner, Sandra Boersen, and Stacy Boersen, all citizens of the State of Michigan and domiciled in Michigan.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above, except that, upon information and belief, Mr. Compagner is not a member.

9.      Dennis Boersen Farm, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The members of Dennis Boersen Farm, LLC are Dennis Boersen and Stacy Boersen, both citizens of the State of Michigan and domiciled in Michigan.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

10.     Ross Boersen Farm, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The members of Ross Boersen Farm, LLC are Ross Boersen and Russell Companger, both citizens of the State of Michigan and domiciled in Michigan.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above, except that, upon information and belief, Mr. Compagner is not a member.

11.     Ross Russell Farm, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The members of Ross

Russell Farm, LLC are Ross Boersen and Russell Compagner, both citizens of the State of Michigan and domiciled in Michigan.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above, except that, upon information and belief, Mr. Compagner is not a member.

12.     Dennis Russell Farm, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The sole members of Dennis Russell Farm, LLC are Dennis Boersen and Stacy Boersen, both citizens of the State of Michigan and domiciled in Michigan.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

13.     Boersen AG Partners, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The sole member of Boersen AG Partners, LLC is Dennis Boersen, a citizen of the State of Michigan and domiciled in Michigan.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

14.     Boersen Land Co., LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.  The sole member of Boersen Land Co., LLC is Dennis Boersen, a citizen of the State of Michigan and domiciled in Michigan.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

15.     Dennis Boersen is an individual and citizen of the State of Michigan, domiciled in Michigan, with an address of 4878 72nd Avenue, Zeeland, MI 49464.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

16.     Stacy Boersen is an individual and citizen of the State of Michigan, domiciled in Michigan, with an address of 4878 72nd Avenue, Zeeland, MI 49464.

**RESPONSE**: The Boersen Farming Entities admit to the allegation set forth above.

17. Arlan Boersen is an individual and citizen of the State of Michigan, domiciled in Michigan, with an address of 6241 Ransom Street, Zeeland, MI 49464.

**RESPONSE**: The Boersen Farming Entities admit to the allegation set forth above.

18. Sandra Boersen is an individual and citizen of the State of Michigan, domiciled in Michigan, with an address of 3741 Lakeshore Drive, Shelbyville, MI 49344. She is also the Trustee of the Sandra Boersen Trust.

**RESPONSE**: The Boersen Farming Entities admit to the allegation set forth above.

19. Ross Boersen is an individual and citizen of the State of Michigan, domiciled in Michigan, with an address of 6096 New Holland Street, Hudsonville, MI 49426.

**RESPONSE**: The Boersen Farming Entities admit to the allegation set forth above.

20. Boersen Farms & Affiliates, LLC is a Michigan limited liability company, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464. The sole member of Boersen Farms & Affiliates, LLC is Dennis Boersen, a citizen of the State of Michigan and domiciled in Michigan.

**RESPONSE**: The Boersen Farming Entities admit to the allegation set forth above.

21. Boersen Transport, Inc. is a Michigan corporation, with its principal place of business located at 6241 Ransom Street, Zeeland, MI 49464.

**RESPONSE**: The Boersen Farming Entities admit to the allegation set forth above.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction under 28 USC § 1332 because there is complete diversity of citizenship between CHS Capital and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs, and under 28 USC § 1367.

**RESPONSE**:  The Boersen Farming Entities admit that this Court has jurisdiction to hear this matter.

23.     Venue is proper in this district under 28 USC § 1391(b)(1) and (b)(2).

**RESPONSE**:  The Boersen Farming Entities admit that the Western District of Michigan is the proper venue for this mater.

## COUNT I
## CLAIM AND DELIVERY

24.     CHS Capital restates and incorporates by this reference the allegations set forth in paragraphs 1 through 23 above.

**RESPONSE**:  The Boersen Farming Entities incorporate by reference the responses set forth above.

25.     Each of the Defendants is engaged in the business of farming, principally growing corn and soybean crops in various counties in Western Michigan, and to a lesser extent, Indiana and Ohio.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

26.     Each of the Defendants (with the exception of Sandra Boersen, as Trustee of the Sandra Boersen Trust, and Boersen Transport, Inc.) executed Security Agreements conveying to CHS Capital a security interest in:

"(A)    All of Grantor's <u>current or future farm products</u> (tangible, intangible and mixed), wherever located, and whether now owned or hereafter acquired, including, without limitation, all of the following assets of Borrower (including if designated as inventory and regardless of whether now owned or hereafter acquired): (i) <u>crops, whether annual or perennial, whether grown, growing or to be grown and whether harvested or unharvested</u>; (ii) <u>grain</u>; (iii) seed; (iv) fertilizer; (v) chemicals; (vi) other supplies owned or used by Borrower in its farming operations; (vii) any negotiable or non-negotiable documents, scale tickets and the like resulting from the storage of any of the foregoing; (viii) accounts, contract rights (including proceeds from insurance policies), instruments, documents and general intangibles; (ix) hedging and commodity accounts and agreements now or hereafter in effect,

together with all rights in and to such accounts and agreements and all payments due or to become due thereunder; and (x) to the extent not listed above as original collateral, all Proceeds (whether Cash Proceeds or Noncash Proceeds), Accessions, and substitutes of the foregoing, including, without limitation, the Proceeds of the foregoing and all insurance, eminent domain, and condemnation awards related to any of the foregoing; and (B) all personal property including, without limitation, all of the following property now owned or hereafter acquired, wherever located: (i) Accounts; (ii) Inventory; (iii) Equipment; (iv) Fixtures; (v) all additions, attachments, accessions, parts, replacements, substitutions, products and proceeds of or pertaining to the foregoing (collectively, the "Collateral")." (emphasis added)

Copies of the Security Agreements signed by these Defendants are attached as Exhibit A to Plaintiff's original Complaint (ECF No. 1-1).

**RESPONSE**: The Boersen Farming Entities admit that each executed security agreements.  CHS position as to other creditors may be inferior.

27.     CHS Capital perfected its security interests in the respective Defendant's farm products and personal property by the UCC financing statements attached as Exhibit B to Plaintiff's original Complaint (ECF No. 1-2).

**RESPONSE**: The Boersen Farming Entities admit that CHS filed UCC financing statements.  CHS' position as to other creditors may be inferior.

28.     The Collateral secures each of the Defendant's obligations owed CHS Capital.

**RESPONSE**:  The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

29.     As of August 11, 2017, the Defendants (except Sandra Boersen, as Trustee of the Sandra Boersen Trust, and Boersen Transport, Inc.), as co-obligors or guarantors, jointly and severally owe CHS Capital in excess of $145,327,000.

**RESPONSE**:  The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

30.     Under each of the Security Agreements attached as <u>Exhibit A</u> to Plaintiff's original Complaint (ECF No. 1-1), following an event of default under the CHS Capital loan documents, CHS Capital is entitled to possession of its Collateral.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

31.     CHS Capital and the Defendants entered into a December 14, 2016 Forbearance Agreement whereby the Defendants admitted events of default under the CHS Capital loan documents.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

32.     The December 14, 2016 Forbearance Agreement expired by its terms on December 30, 2016.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

33.     CHS Capital and the Defendants entered into a May 3, 2017 Forbearance Agreement ("Forbearance Agreement"), whereby the Defendants again admitted events of default under the CHS Capital loan documents, and CHS Capital agreed to forbear from exercising its rights and remedies under the loan documents and at law with respect to specifically enumerated "Existing Defaults" and no others until the earlier of:  (a) an event of default under the Forbearance Agreement; or (b) December 31, 2017 (the "Forbearance Period").

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

34.     Before and after the execution of the Forbearance Agreement, one or more of the Defendants planted approximately 25,000 acres of corn, and 58,000 acres of soybeans.  The corn crop is situated on approximately 250 parcels in the following counties:  Cass, St. Joseph, Van Buren, Branch, Hillsdale, Steuben, LaGrange, Allegan, Barry, Calhoun, Eaton, Ingham, Kalamazoo and Ottawa.  The soybean crop is situated on approximately 550 parcels in the

following counties: Allegan, Berrien, Cass, St. Joseph, Van Buren, Branch, Calhoun, Hillsdale, LaGrange, Williams, Barry, Clinton, Eaton, Ingham, Ionia, Jackson, Kalamazoo, Kent, Lenawee, Montcalm, Monroe, Ottawa, Shiawassee, and Washtenaw.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

35.    A number of material defaults exist under the Forbearance Agreement and loan documents, which defaults constitute an event of default under the Forbearance Agreement.  As the result of the Defendants' breach of the Forbearance Agreement, CHS Capital provided the Defendants with the June 6, 2017 Notice and Reservation of Rights letter and August 14, 2017 Notice of Default, Termination, and Exercise of Rights letter attached at Exhibit C to Plaintiff's original Complaint (ECF No. 1-3).

**RESPONSE**: The Boersen Farming Entities admit to the allegation set forth above. However, CHS was aware of many of the defaults at least as early as June 6, 2017 and likely before. It allowed the Boersen Farming Entities to continue to farm and incur debt in order to plant and maintain the crops it now seeks to harvest, presumably without paying input vendors and landlords for their efforts.

36.    As a result of the occurrence of the defaults and the Defendants' failure to comply with the terms and conditions of the Forbearance Agreement and the loan documents, the Forbearance Period terminated and the unsatisfied balance of the obligations owed to CHS Capital is immediately due and payable, and CHS Capital is now entitled to possession of its Collateral, including but not limited to the crop in the ground described in paragraph 34 above, as well as all harvested 2016 crops which remain in the Defendants' possession.  Upon information and belief, the remaining 2016 crop is stored at the following locations:

| Site Name | Address | # of Bushels of Corn at Location |
|---|---|---|

| Oetman | 1175 9th Street<br>Plainwell, MI 49080 | 28,019 |
| Stealy, Jr. | 16350 13 Mile Road<br>Battle Creek, MI 49014 | 22,855 |
| Hooper | 1278 2nd Street<br>Plainwell, MI 49080 | 5,541 |
| | TOTAL | 56,415 |

**RESPONSE:** The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

37.    The value of the crop in the ground described in Paragraph 34 is approximately $49,700,000, based on projected yield and market prices, prior to the costs and expenses of cultivating and harvesting the crop.

**RESPONSE**:  The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

38.    The value of the remaining 2016 corn crop in storage described in Paragraph 36 is approximately $211,000, based on the trading/market prices of the grain.

**RESPONSE**:  The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

39.    The crop in the ground and stored 2016 crop is divisible property of uniform kind, quality and value.

**RESPONSE**:  The Boersen Farming Entities admit the allegation set forth above.

WHEREFORE, CHS Capital requests that this Court enter an Order in its favor and against the Defendants:

(a)    Awarding CHS possession of all of the Collateral described in the security agreements attached at Exhibit A to Plaintiff's original Complaint (ECF No. 1-1).

(b)    Restraining   Defendants   from   damaging,   destroying,   concealing,

transferring, selling, or disposing of the Collateral, including but not limited to the crops in the ground described in Paragraph 34 and the harvested crops described in Paragraph 36.

(c)     Awarding CHS its attorneys' fees and such other just and equitable relief as determined by this Court.

**COUNT II**
**APPOINTMENT OF RECEIVER**

40.     CHS Capital restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 39 above.

**RESPONSE**: The Boersen Farming Entities incorporate by reference the responses set forth above.

**A.  Misrepresentations Regarding Quantity of 2016 Crops**

41.     Under the terms of the Forbearance Agreement, the Defendants agreed to conduct all farming operations consistent with a budget attached thereto at Schedule D ("Budget").

**RESPONSE**: The Boersen Farming Entities deny as untrue the allegation set forth above as the Forbearance Agreement, itself, allowed for deviations from the budget.

42.     As a result of the transactions summarized in the Notice of Default and Termination of Forbearance Period letter attached as Exhibit C to Plaintiff's original Complaint (ECF No. 1-3) and Paragraphs 47-49 below, the Defendants fraudulently and intentionally misrepresented to CHS Capital the quantity of harvested 2016 grain available for sale, which quantity and resulting expected sale proceeds were included in the Budget.  To induce CHS Capital to forbear from exercising its legal right to take possession of the 2016 harvested crops, Defendants fraudulently and intentionally misrepresented the volume of harvested 2016 grain by over $6 million to create the illusion of sufficient revenue to offset expenses.  Further, the Defendants failed to comply with the Budget.

**RESPONSE**:  The Boersen Farming Entities deny as untrue the allegation set forth above.

## B.  Insufficient Working Capital to Harvest 2017 Crops

43.     As a second reason for the appointment of a receiver, CHS Capital states that, due in large part to the Defendants' misrepresentations regarding the volume of 2016 crops available to fund 2017 farming operations, the Defendants have insufficient remaining 2016 crop and crop proceeds to pay the expenses to harvest the 2017 crop.  The Defendants ran out of cash in late August, and will have no money to pay for the expenses of harvesting the soybeans in September. See Affidavit of Mark Briden filed with Plaintiff's original Complaint (ECF No. 3).

**RESPONSE**:  The Boersen Farming Entities deny as untrue the allegation set forth above. The Forbearance Agreement contemplated the sale of 2017 crop to aid in the harvest of the 2017 crop.  CHS has refused to allow the sale of the 2017 crop despite repeated requests to allow the same.  It seems that CHS is attempting to harvest the 2017 crop without paying for the inputs or for the land rents.

44.     CHS Capital is not willing to advance funds to the Defendants to pay for the harvest of the 2017 crops.  CHS Capital is willing to advance funds to a receiver for such purpose, because CHS Capital will be assured that the monies advanced will be properly used.

**RESPONSE**:  The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion. It seems, however, that CHS is not willing to advance for harvest as it has allowed equipment necessary to harvest to be repossessed, despite agreements in place to maintain such equipment.

## C.  Grain Sales in Violation of Security Agreement

45.     As a third reason for the appointment of a receiver, CHS Capital states that Paragraph 4(d) of each of the Security Agreements attached as Exhibit A to Plaintiff's original Complaint (ECF No. 1-1) provides as follows:

> "**Farm Products**.  Upon the request of Secured Party, Grantor shall provide to Secured Party the names and addresses of all buyers, commission merchants and selling agents to or through whom Grantor may sell Farm Products and Grantor shall not sell any Farm Products to or through anyone else.  Grantor shall supplement the list of potential buyers, commission merchants and selling agents provided to Secured Party whenever necessary or requested by Secured Party. Grantor authorizes Secured Party to notify any and all potential buyers, commission merchants and selling agents named by Grantor of Secured Party's interest in the Farm Products and to take any and all other measures required or allowed by Law to perfect and protect Secured Party's interest in Farm Products.  Grantor understands that if Grantor sells any farm products to or through a person that was not identified to Secured Party, Secured Party may assess Grantor a fee in an amount of the greater of $10,000 or 15% of the sale price of Farm Products, unless (x) Grantor notifies Secured Party in writing at least seven (7) days prior to such sale of the identity of the buyer, commission merchant or selling agent to or through whom such Farm Products are being sold, or (y) unless Grantor accounts to Secured Party for the proceeds of such sale not later than ten (10) days after such sale. Nothing set forth in subsections (x) or (y) shall be construed as relieving the Grantor from complying with the disclosure requirements of this paragraph."

**RESPONSE**: The Boersen Farming Entities admit the allegation set forth above as it relates to what the document provides but does not admit that it is a reason to appoint a receiver.

46.     Paragraph 4(i) of the Security Agreements attached as Exhibit A to Plaintiff's original Complaint (ECF No. 1-1) states that each Defendant "shall not sell, assign, or transfer any of the Collateral, except to the extent required for transfers of inventory in the ordinary course of business consistent with past business practices . . ."

**RESPONSE**:  The Boersen Farming Entities admit the allegation set forth above.

47.     Each of the Defendants is obligated to provide CHS Capital with notice of those third parties to whom each Defendant intends to sell farm products because the loan documents require it.  The Federal Food Security Act of 1985 provides that a purchaser who purchases farm

products in the ordinary course of its business takes free of CHS Capital's lien unless, prior to such purchase, CHS Capital provides the purchaser with notice of its lien.

**RESPONSE**:  The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

48.     Contrary to the terms of the Security Agreements, between March 15, 2017 and May 4, 2017, the Borrowers delivered approximately 495,000 bushels of corn constituting CHS Capital's collateral to or for the benefit of BF Funding, LLC, a newly created entity formed to thwart CHS Capital's Food Security Act notices.  Proceeds from these grain sales of approximately $1.9 million were not delivered to CHS Capital, in violation of the Security Agreements.

**RESPONSE**:  The Boersen Farming Entities deny as untrue the allegation set forth above.

49.     Similarly, the Borrowers delivered 594,604 bushels of corn to POET, LLC, an Indiana purchaser outside the normal geographic scope of the Borrower's historical sales of grain, between January 16, 2017 and April 10, 2017, and failed to remit $2,205,654.00 in proceeds from the sales to CHS Capital as required by the Security Agreements.

**RESPONSE**:  The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.  The Boersen Farming Entities sold grain to maintain its farming operations.

50.     The Borrowers also entered into an agreement with Ed Reed, d/b/a Reed Family Farms and Reed Family Farms, LLC whereby the Borrowers transferred the right to sell and claim the proceeds of at least 150,000 bushels of CHS Capital's grain collateral (or the value thereof equating to approximately $600,000) to a former landlord in settlement of an unsecured claim for unpaid rent, also in violation of the Security Agreements.

**RESPONSE**:  The Boersen Farming Entities deny as untrue the allegation set forth above.

Ed Reed and the Reed Family Farms and Reed Family Farms, LLC had a lien and was in possession of the grain described above.

51.     Further, the Borrowers have entered into agreements with Kings Cash Group and Strategic Funding Source, Inc. purporting to sell, assign and transfer to such entities all of the Borrowers' interest in accounts receivable constituting CHS Capital's collateral, in violation of the Security Agreements.

**RESPONSE**: The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

52.     Prior to the execution of the Forbearance Agreement, on March 28, 2017 Dennis Boersen provided CHS with a written statement to induce CHS Capital to make additional extensions of credit, certifying that no grain was being sold or would be sold where the proceeds from any such sale would be distributed to anyone other than CHS Capital. A copy of the written statement is attached as Exhibit D to Plaintiff's original Complaint (ECF No. 1-4).

**RESPONSE**: The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

53.     Despite Dennis Boersen's written assurance to CHS Capital, prior to the execution of the Forbearance Period, one or more of the Defendants engaged in transactions intended to circumvent CHS Capital's notifications to known buyers of farm products throughout Western Michigan. These transactions include:

(a)     The sale/shipment of grain to POET, LLC of 594,604 bushels of corn for a total transaction price of $2,205,654.

(b)     The sale/shipment of grain to BF Funding, for a total transaction price of approximately $1,900,000.

(c)    The sale of grain to Reed and Reed Family Farms, LLC, for a total transaction price of approximately $600,000.

**RESPONSE**: The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

54.    Following the Defendants' execution of the Forbearance Agreement, one or more of the Defendants engaged in transactions intended to circumvent CHS Capital's Federal Food Security Act notifications, including but not limited to the following:

(a)    The sale/shipment of 14,089 bushels of corn to Cargill on BF Funding's behalf, for an estimated total transaction price of $50,000.

(b)    The results of physical inventory counts and inspections performed by CHS Capital on June 13, 2017 and August 7, 2017 reveal that approximately 93,620 bushels of grain collateral (valued at approximately $350,000) have been sold or otherwise transferred without disclosure to CHS Capital or remitting proceeds as required under the Forbearance Agreement and the loan documents.  The Borrowers have failed or otherwise been unable to provide an accounting, documents responsive to CHS Capital's requests for information or satisfactory explanation with respect to the missing grain collateral.

**RESPONSE**: The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

55.    As a result of the transactions described above, the purchasers remitted sale proceeds to one or more of the Defendants, rather than to CHS Capital, and the Defendants did not forward such sale proceeds to CHS Capital, in violation of the Security Agreements.

**RESPONSE**: The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

### D.  Actions of Other Creditors Impairing the Value of the 2017 Crops

56.     As a fourth basis for the appointment of a receiver, other creditors have obtained court orders that substantially and materially threaten the value of the 2017 crops subject to CHS Capital's security interest.  For example, TFG – Michigan L.P. obtained a July 17, 2017 order from the Federal U.S. District Court of Utah – Central Division, that requires the Defendants to remove irrigation equipment, commonly known as "pivots", from the Defendants' fields prior to harvest. Removal of the irrigation equipment must be accomplished in a manner that minimizes damage to the growing crops.  The Defendants lack the funds to remove the irrigation equipment, which will result in TFG – Michigan L.P. or its agent removing such irrigation equipment. Such creditor will have no incentive to minimize damage to CHS Capital's crop collateral.  In the alternative, should the Defendants incur such expenses, such expenses will further increase the extent to which 2017 expenses exceed revenue.

**RESPONSE**: The Boersen Farming Entities admit that TFG-Michigan has obtained a Court Order.  CHS has refused to provide funds for the Boersen Farming Entities to comply.

57.     Other creditors of the Borrowers have obtained money judgments and served writs of garnishment on purchasers of corn and soybeans, jeopardizing CHS Capital's entitlement to proceeds of its collateral.  Other secured creditors claiming a superior lien on farming equipment have filed suit to recover such farming equipment, also impairing the Defendants' ability to harvest the 2017 crop.

**RESPONSE**: The Boersen Farming Entities admit that other creditors have obtained judgments.  However, if CHS has a first position on the crop it is not known how these creditors could impair its rights to the same.  With respect to creditors which have liens superior to CHS for farming equipment, CHS or its receiver will have to fund payments sufficient to maintain such

equipment.  Since the filing of its receivership proceeding, CHS has refused to make any such payments.

### E.  No equity cushion.  Receiver needed to protect collateral.

58.     The value of the crops subject to CHS Capital's security interest is less than the indebtedness owed.  There is no equity cushion to protect CHS Capital.  The appointment of a receiver is necessary to prevent further dissipation of CHS Capital's crop collateral.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

59.     The Defendants have diverted grain sale proceeds to buy personal real estate.

**RESPONSE**:  The Boersen Farming Entities deny as untrue the allegation set forth above.

60.     There are multiple secured creditors claiming an interest in farm products.  A receivership is needed to provide the opportunity to sell the farm products free and clear of liens, with liens attaching to the sale proceeds in the same rank and priority as attached to the farm products, with all of the sale proceeds going to CHS Capital as senior lienor.

**RESPONSE**:  The Boersen Farming Entities deny as untrue the allegation set forth above as the matter could be resolved in other proceedings.

61.     The appointment of a receiver is appropriate and necessary to prevent diminishment in the quantity and value of the 2016 farm products and to allow CHS Capital to protect, manage, harvest, and sell the 2017 crops.

**RESPONSE**:  The Boersen Farming Entities submit that the Court has ruled on this matter and has appointed a receiver to determine if a Chapter 11 proceeding would be appropriate.

62.     The receivership estate necessary to accomplish these objectives includes: (a) crops in storage and all cash and non-cash proceeds thereof and the storage facilities relating thereto; (b) crops in the ground and all cash and non-cash proceeds thereof and the Defendants' ownership

interests in or possessory rights in the lands where the crops are situated, including but not limited to real property subject to CHS Capital's mortgagee interests; (c) all livestock and farm equipment of the Defendants, including vehicles in which CHS Capital is listed as a secured creditor (subject to the rights of senior secured creditors with priority over CHS Capital, whose rights will not be impaired by the receivership); and (d) all of the Defendants' business records relating to farming operations.

**RESPONSE**:  The Boersen Farming Entities, submit that the Court has ruled on this matter and has appointed a receiver to determine if a Chapter 11 proceeding would be appropriate.

WHEREFORE, CHS Capital requests that this Court enter an Order appointing a receiver, pursuant to the terms and conditions of the Order accompanying the Motion for Appointment of Receiver filed concurrently herewith.

## COUNT III
## BREACH OF PROMISSORY NOTES

63.    CHS Capital restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 62 above.

**RESPONSE**: The Boersen Farming Entities incorporate by reference the responses set forth above.

64.    All of the Defendants (except Sandra Boersen, as trustee of the Sandra Boersen Trust, Boersen Transport, Inc. and Boersen Farms & Affiliates, LLC) are co-obligors under the two promissory notes attached as Exhibit E to Plaintiff's original Complaint ("Notes") (ECF No. 1-5).

**RESPONSE**:  The Boersen Farming Entities can neither admit nor deny the allegation set forth above as it lacks sufficient information to form an opinion.

65.    The Defendants liable under the Notes are in default under the terms of the Notes.

**RESPONSE**:  The Boersen Farming Entities admit they are in default.

66.     As a result of the Borrowers' default, CHS Capital is entitled to recovery of the outstanding balance owed under the Notes.

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

67.     As of August 11, 2017, the outstanding payoff balance under the Notes was $145,327,808, plus per diem interest accruing thereafter, subject to adjustment pursuant to the terms of the Forbearance Agreement.

**RESPONSE**:  The Boersen Farming Entities can neither admit nor deny the allegation set forth above.

WHEREFORE, Plaintiff requests that this Court enter a money judgment in its favor and against all Defendants (other than Sandra Boersen as trustee of the Sandra Boersen Trust, Boersen Farms & Affiliates, LLC, and Boersen Transport, Inc.) in the amount set forth in Paragraph 67 above, together with attorney fees and such other just and equitable relief as determined by this Court.

**COUNT IV**
**BREACH OF GUARANTY**

68.     CHS Capital restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 67 above.

**RESPONSE**:  The Boersen Farming Entities incorporate by reference the responses set forth above.

69.     Boersen Farms & Affiliates, LLC executed the Guaranty attached as Exhibit F to Plaintiff's original Complaint (ECF No. 1-6).

**RESPONSE**:  The Boersen Farming Entities admit to the allegation set forth above.

70.    CHS Capital is entitled to immediate payment in full of the indebtedness described in Paragraph 67 above.

**RESPONSE**: The Boersen Farming Entities admit to the allegation set forth above but can neither admit nor deny the appropriate balance.

71.    Boersen Farms & Affiliates, LLC is presently obligated to CHS Capital in the amount of such indebtedness pursuant to the terms of the Guaranty.

**RESPONSE**: The Boersen Farming Entities admit that Boersen Farms & Affiliates, LLC owes funds to CHS.

WHEREFORE, CHS Capital requests that this Court enter a money judgment in its favor and against Defendant Boersen Farms & Affiliates, LLC in the amount set forth in Paragraph 67 above, together with CHS Capital's attorney fees and such other just and equitable relief as determined by this Court.

**COUNT V**
**CONVERSION**

72.    CHS Capital restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 71 above.

**RESPONSE**: The Boersen Farming Entities incorporate by reference the responses set forth above.

73.    On or about February 21, 2017, one or more of the Defendants transferred $204,777.78 of CHS Capital's cash collateral to fund the purchase of a personal residence.

**RESPONSE**: The Boersen Farming Entities deny as untrue the allegation set forth above. Further, CHS is seeking a claim based upon fraud and must plead with more particularity than it has.

74.     The use of such cash collateral for such purpose was wrongful and constitutes a conversion of CHS Capital's cash collateral.

**RESPONSE**:  The Boersen Farming Entities deny as untrue the allegation set forth above. Further, CHS is seeking a claim based upon fraud and must plead with more particularity than it has.

WHEREFORE, CHS Capital requests that this Court enter a $204,777.78 money judgment in its favor and against those Defendants participating in the transfer of cash collateral to fund the purchase of the personal residence, impose a constructive trust against the personal residence, and further award CHS Capital its attorneys' fees and such other just and equitable relief as determined by this Court.

## COUNT VI
## STATUTORY CONVERSION UNDER MCL 600.2919(a)(1)

75.     CHS Capital restates and incorporates by this reference the allegations set forth in Paragraphs 1 through 74 above.

**RESPONSE**:  The Boersen Farming Entities incorporate by reference the responses set forth above.

76.     The diversion and use of CHS Capital's $204,777.78 of cash collateral to fund the purchase of a personal residence constitutes a conversion of CHS Capital's cash collateral.

**RESPONSE**:  The Boersen Farming Entities deny as untrue the allegation set forth above. Further, CHS is seeking a claim based upon fraud and must plead with more particularity than it has.

**WHEREFORE**, the Boersen Farming Entities request that the Complaint be dismissed and that the Court grant them such additional relief as is proper.

Respectfully submitted,

**RAYMAN & KNIGHT**
Attorneys for Boersen Farming Entities

Dated:  September 21, 2017          By:      _____/s/_____
                                                          Cody H. Knight (P64811)

BUSINESS ADDRESS:
141 East Michigan Avenue, Suite 301
Kalamazoo, MI  49007
Telephone: (269) 345-5156

## AFFIRMATIVE DEFENSES

**NOW COME** Boersen Farms AG, LLC, Boersen Farms Grain, Boersen Farms, Inc., Boersen Farms Properties, LLC, Boersen AG Partners, LLC, Boersen Land Co., LLC, Boersen Farms & Affiliates, LLC, and Boersen Transport, Inc. ("Boersen Farming Entities") and for their Affirmative Defenses hereby state as follows:

1.        A portion of the Plaintiff's claims are barred by waiver; and

2.        The Plaintiff's Complaint lacks specificity required for a claim of fraud.

Respectfully submitted,

**RAYMAN & KNIGHT**
Attorneys for Boersen Farming Entities

Dated:  September 21, 2017          By:      _____/s/_____
                                                          Cody H. Knight (P64811)

BUSINESS ADDRESS:
141 East Michigan Avenue, Suite 301
Kalamazoo, MI  49007
Telephone: (269) 345-5156

## JURY DEMAND

**NOW COME** Boersen Farms AG, LLC, Boersen Farms Grain, Boersen Farms, Inc., Boersen Farms Properties, LLC, Boersen AG Partners, LLC, Boersen Land Co., LLC, Boersen Farms & Affiliates, LLC, and Boersen Transport, Inc. ("Boersen Farming Entities") and hereby demand a jury with respect to claims brought by CHS.

Respectfully submitted,

**RAYMAN & KNIGHT**
Attorneys for Boersen Farming Entities

Dated:  September 21, 2017          By:  _____/s/_____
                                             Cody H. Knight (P64811)

BUSINESS ADDRESS:
141 East Michigan Avenue, Suite 301
Kalamazoo, MI  49007
Telephone: (269) 345-5156