# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CHS CAPITAL, LLC | Case No. 1:17-cv-00769 |
| Plaintiff, | Honorable Robert J. Jonker |
| v. | **BRIEF IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION FOR PARTIAL POSSESSION PENDING JUDGMENT** |
| BOERSEN FARMS AG, LLC, ET AL | |
| Defendants. | **EXPEDITED CONSIDERATION REQUESTED** |

In support of its Verified Motion for Partial Possession Pending Judgment, CHS Capital, LLC ("CHS Capital") states as follows:

CHS Capital's Motion is brought pursuant to Fed. R. Civ. P. 64, and Mich. Ct. R. 3.105.[1]

Fed. R. Civ. P. 64(a) provides in relevant part:

> **Remedies Under State Law – In General.** At the commencement of and throughout an action, every remedy is available, that under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential Judgment.

Fed. R. Civ. P. 64(b) specifically references replevin, or claim and delivery as it is referred to in Michigan, as one of the remedies under Fed. R. Civ. P. 64(a).

Turning, then to Michigan remedies, Mich. Ct. R. 3.105 specifies the required standards for a motion requesting possession of the property pending final Judgment. In order to obtain possession of property pending final Judgment, the plaintiff must establish: (1) that its right to

---

[1] Federal Courts, including the Western District of Michigan have previously granted similar motions for possession pending Judgment pursuant to these court rules. See e.g. *Williamston Investment, Inc., v. Best Express Foods, Inc.*, 1:12-cv-1129, 2012 WL 12941125, (W.D. Mich., October 25, 2012).

{02244738 3 }

possession of the property is probably valid; and (2) that the property will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before trial. Mich. Ct. R. 3.105(E)(3)(b).

### A. CHS Capital's right to possession of the 2017 Crops is probably valid.

The Security Agreements attached to CHS Capital's Complaint (ECF 1-1) expressly convey CHS Capital a security interest in, among other things, "crops, whether annual or perennial, whether grown, growing or to be grown and whether harvested or unharvested." As set forth in paragraph 11 of the instant Motion, these harvested and unharvested crops are spread throughout Michigan, Indiana and Ohio (the "2017 Crops"). The Defendants admitted their breach of the loan agreements in the Forbearance Agreements. Defendants again admitted the right of possession by consenting to appointment of a receiver that: (1) they owe CHS Capital the debt; (2) CHS Capital has a security interest in the 2017 Crop; and (3) they are in default of their obligations to CHS. Yesterday the "Boersen Farming Entities" admitted yet again to CHS Capital's right to possession in paragraphs 30 and 35 of their Answer to Amended Complaint (ECF 77). There is no genuine issue of fact that CHS Capital is entitled to possession of the crops harvested or in the ground. Thus, CHS Capital has established that its right to possession of the 2017 Crops as a portion of its collateral is "probably valid".

### B. The 2017 Crops will be damaged and/or destroyed, substantially impairing is value absent an order granting CHS Capital possession to harvest and preserve the crops.

As this Court is aware, if the crops currently in the ground are not harvested in the coming weeks, they will rot in the fields, completely dissipating their value. The soybean harvest must begin this month (September) and the corn harvest must occur in October. As stated previously, the Defendants lack the necessary funds to harvest the crops. They have no other source of funding and no actions have been taken to plan for or facilitate the harvest of the crops to date. Thus, there

is an imminent danger that approximately $50 Million of CHS Capital's collateral will be damaged or completely destroyed absent an order from this Court granting CHS Capital possession of this portion of its collateral pending final judgment.[2] If possession of the 2017 Crops is granted, CHS Capital will hire custom harvesting contractors to quickly harvest and store the crops thereby preserving their value.

### C. This Motion is an alternative to, and not in conflict with, the Receiver's request for authority to empower the Receiver to place Defendants in bankruptcy.

CHS Capital's instant motion is made contemporaneously and in concurrence with O'Keefe and Associates request for authority to place Defendants in bankruptcy. CHS Capital anticipates Defendants will oppose the Receiver's empowerment request. If the Court does not grant the Receiver's motion, CHS Capital requests that this Motion be granted. If, on the other hand, the Court grants the Receiver's motion, and if bankruptcy is filed, CHS Capital understands the relief requested here would be stayed.

### D. The Proposed Order does not impair the rights of other creditors.

CHS Capital's request for partial possession of its collateral pending judgment does not infringe on the rights of any other creditor of Defendants. While many concerns were raised regarding the request for a receiver, no third party challenged CHS Capital's priority position in the 2017 Crops. Further, CHS Capital is prepared to have the 2017 Crops stored by a third party or sold with the funds placed in escrow pending further order from this Court or a bankruptcy court.

---

[2] Under the terms of the limited appointment of the Receiver by this Court, CHS Capital's options are: (1) to hope the Defendants and/or the Court and its Receiver effectuate bankruptcy in the very near future; (2) risk self-help remedies without an Order of Possession; (3) or take possession of that part of its collateral most at risk under the Order requested here.

WHEREFORE, pursuant to Fed. R. Civ. P. 64, and Mich. Ct. R. 3.105, CHS Capital respectfully requests this Court grant its motion for possession of the 2017 Crops.

        Respectfully submitted,

        MIKA MEYERS PLC
        Attorneys for Plaintiff

Dated: September 22, 2017    By:   /s/ Ross A. Leisman
        Ross A. Leisman (P41923)
        Bradley A. Fowler (P74499)
        900 Monroe Avenue, NW
        Grand Rapids, MI 49503
        (616) 632-8000