UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

PLAINTIFF CAPITAL, LLC,                    Hon. Robert J. Jonker

    Plaintiff,                              Case No.: 1:17-CV-00769

v

BOERSEN FARMS, AG, LLC, ET AL,

    Defendants.
_____/

### BRIEF IN SUPPORT OF MOTION OF RECEIVER O'KEEFE & ASSOCIATES CONSULTING, LLC FOR AUTHORITY TO FILE CHAPTER 11 BANKRUPTCY PETITIONS AND FOR OTHER OR ALTERNATIVE RELIEF

O'Keefe & Associates Consulting, LLC ("OAC"), through its attorneys, Varnum LLP, respectfully submits this Brief in support of its motion for authority to file Chapter 11 petitions for the Boersen entities:

1. OAC hereby incorporates by reference the factual statements included in its motion papers and supporting affidavits.

2. As a first order of business, a decision has to be made whether the petition to be filed for the Boersen operating entities (referred to in the motion papers as the "Proposed Bankruptcy Defendants") will be a Chapter 7 petition or a Chapter 11 petition.

3. Chapter 7 case is so-called "straight bankruptcy" and is the "operative" chapter of the Code targeted at liquidation proceedings. 6 *Collier on Bankruptcy*, ¶700.01 (2017). Chapter 7 trustees seldom, if ever, have operating authority. In all Chapter 7 cases, a trustee is appointed to administer the liquidation process; the debtor does not manage that process.

4.	Chapter 11, by contrast, is target at operating companies. The debtors in Chapter 11 cases are operated either by existing management, as Debtor in Possession ("DIP"), which is the default rule, or by a court appointed trustee, if the bankruptcy court determines, after the presentation of a proper motion, that the appointment of a trustee justified. 11 U.S.C. § 1104.

5.	Given the need to harvest the 2017 crop, and to attend to other necessary and on-going operations, the Court should authorize the filing of Chapter 11, as opposed to Chapter 7, petitions for the Proposed Bankruptcy Defendants.

6.	In addition to the ministerial act of just filing the petition, however, and to assure an orderly transition from receivership to bankruptcy, the Court should expand OAC's receivership appointment to include:

(a)	completing the petition, matrix, top 20 list of creditors, and bankruptcy schedules;

(b)	managing the Proposed Bankruptcy Defendants as receiver or as interim trustee until such time as the Bankruptcy can take jurisdiction, and consider first-day and other motions;

(c)	ordering current management of the Proposed Bankruptcy Defendants off the properties and out of all management responsibility until such time as the Bankruptcy Court is able to make a ruling.

7.	All of this additional relief, if ordered by the Court, would be without prejudice to the Bankruptcy Court's prerogative to determine who the permanent trustee ought to be.

8.	Absent this additional relief, there is, in OAC's judgment, an appreciable risk that the Proposed Bankruptcy Entities may harvest and sell grain out of trust, and with no third-party

Case 1:17-cv-00769-RJJ-RSK   ECF No. 83 filed 09/22/17   PageID.1623   Page 3 of 3

controls or reporting in place, violate pending restraining orders, and otherwise engage in acts that are not in the best interest of creditors.

                                        Respectfully submitted,

                                        VARNUM LLP

Dated:  September 22, 2017            By /s/ Michael Mc Elwee
                                               Michael Mc Elwee (P36088)
                                        Attorneys for O'Keefe
                                        Bridgewater Place
                                        PO Box 352
                                        Grand Rapids, Michigan 49501
                                        (616) 336-6000

12263617_1.doc

3