UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHS CAPITAL, LLC,

       Plaintiff,

v.

BOERSEN FARMS AG, LLC, ET AL.,

       Defendants.
_____/

CASE NO. 1:17-CV-769

HON. ROBERT J. JONKER

**ORDER**

Plaintiff CHS Capital, LLC moves for an order granting it immediate possession pending Judgment over Defendants' 2017 crops, both harvested and unharvested, under FED. R. CIV. P. 64 and MICH. CT. R. 3.105. (ECF No. 79.) If granted, Plaintiff avers it will hire a third party to take possession of the crops, harvest those crops currently in the ground, and either store those crops or sell them and place the proceeds in escrow. (ECF No. 79, PageID.1585.) Alternatively, Plaintiff requests an order restraining Defendants from damaging or concealing the collateral crop.

It is undisputed that Plaintiff has a security interest in these crops. Defendants have also admitted they are in default.[1] Some protection is appropriate as between Plaintiff and

---

[1] This observation is based on the sworn record of Plaintiff's multiple filings in this matter, none of which any defendant has denied under oath. It is also based on the admissions made by the Boersen Farming Entities and Defendant Dennis Boersen, the only defendants to have actively participated in this case so far. In their Response to the Motion to Appoint Receiver (ECF No. 60) the farming entities admitted to defaults under the forbearance agreement. The entities reiterated this admission in their Answer to the Amended Complaint (ECF No. 77). Defendant Dennis Boersen's Response to the Motion and Answer, admits he is a member / officer of the entity defendants. Furthermore, Defendant Dennis Boersen incorporated the entities' response by reference in his separate Response to the Motion. (ECF No. 61.) At bottom, none of the defendants aver that they are actually current in their obligations to Plaintiff.

Defendants. However, collateral consisting of crops in the ground in three states presents multiple problems. First Rule 64 and Mich. Ct. R. 3.105 do not necessarily empower this Court to exercise control over collateral that is attached to or part of real estate in Indiana or Ohio. *Cf. GM Gold & Diamonds LP v. Fabrege Co., Inc.*, 489 F. Supp. 2d 725, 727 n.1 (S.D. Tex. 2007) (collecting cases holding that courts confronted with similar extraterritoriality issues have refused to give effect to writs aimed at a res outside the territory of the forum state). Each of those states undoubtedly has its own process to respect. Second, some–perhaps much–of the crop is still growing in fields owned by third parties that are not part of the case. These parties have interests that need notice and potentially opportunity for hearing. *See Kroh v. Dobson*, 324 Mich. 384, 387 (1949) (noting that until a crop is severed from the land, it is attached to the realty); *see also Blough v. Steffens*, 349 Mich. 365, 374 (1957) (same).[2] Third, as Plaintiff recognizes, growing crops don't just get into silos on their own, and so an order granting possession of growing crops necessarily involves questions about how the crops are harvested, which raises all the concerns the Court previously articulated in identifying bankruptcy as a superior forum for protecting all relevant interests.

Accordingly, the Court grants Plaintiff's motion at this time only to the extent of restraining Defendants from exercising dominion or control over the 2017 crops (whether still growing in the field, or already harvested). Defendants' admitted defaults under security agreements covering this collateral are enough to justify this much relief without the need for hearing. As a practical matter, this means the pathway to harvesting crops in the field is either mutual consent of

---

[2] As the Court noted in a previous order, the need to join these parties creates a latent threat to subject matter jurisdiction in this case.

interested parties, or a bankruptcy initiated by Defendants themselves or by the Receiver authorized to do so on behalf of Defendants.

**IT IS SO ORDERED.**


Dated:     September 25, 2017              /s/ Robert J. Jonker
                                                                                    ROBERT J. JONKER
                                                                                    CHIEF UNITED STATES DISTRICT JUDGE